# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ABRAHAM CRUZADO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DARREN BAKER, et al., ) <br> ) <br> ) <br> Defendant(s). ) <br> _____ ) | 3:11-cv-00522-RCJ-WGC <br><br> **ORDER DENYING DEFENDANTS' REQUEST FOR ENLARGEMENT OF TIME AND/STAY OF SUMMARY JUDGMENT PROCEEDINGS AND REQUEST FOR BRIEFING SCHEDULE (Doc. # 68)** |

Before the court is Defendants' "Request for Enlargement of Time and/Stay of Summary Judgment Proceedings and Request for Briefing Schedule" (Doc. # 68). Defendants apparently question this court's statement that any motion for summary judgment by Defendants should be predicated upon and restricted to documents which have been previously provided Plaintiff during discovery (*id* at 1-2).

Defendants' motion states that "[t]he heart of this case concerns whether the named defendants violated Plaintiff's right to due process in relying upon the confidential Inspector General's report in finding that Plaintiff had committed the disciplinary infraction of which he was accused." Defendants' motion concludes that at the discovery conference on February 19, 2013 (Doc. # 65), the court insinuated that it would require Defendants to produce the confidential information upon which the Inspector General's report was predicated (*id*).

Defendants are mistaken, in part at least. The court did not necessarily require Defendants to produce any confidential information, particularly any relating to the Inspector General's report. What the court stated was that any document which Defendants utilized for summary judgment would have

1  to be provided Plaintiff.  The court does not know at this time whether Defendants intend to pursue a
2  dispositive motion based, in some part, on the "confidential Inspector General's report."  However, it
3  would seemingly be unfair for the court to evaluate the propriety of summary judgment based on
4  documentary evidence presented to the court which was unavailable to the opposing party.

5        The court is familiar with the requirements for due process at a prison disciplinary proceeding
6  as enunciated in *Wolff v. McDonell*, 418 U.S. 539 (1974).  The relevant issue under *Wolff*, insofar as the
7  Plaintiff's disciplinary proceeding herein is concerned, would be the "fact-finder's" decision "regarding
8  the facts relied upon and the reasons for the disciplinary action." (*Id* at 556.)  *Wolff* specifically states
9  that the inmate is to receive a written statement of the hearing officer of the evidence relied on and the
10 reasons for taking disciplinary action.  *Id* at 564.  In addition, NDOC Administrative Regulation
11 707.01.9 C states that an inmate should have access to a written statement by the disciplinary hearing
12 officer as to evidence relied on and the reasons or the disciplinary findings.  Presumably Plaintiff has
13 been provided the written statement of the hearing officer.  Also presumably, the Defendants would rely
14 on the contention that the hearing officer's statement in and of itself, without reliance on the Inspector
15 General's report, satisfies the "some evidence" standards of *Wolff* and that this statement defeats
16 Plaintiff's due process claims.  If Defendants feel they need to supplement the hearing officer's written
17 statement, that is Defendants' decision.

18       The *Zimmerlee* case cited by Defendants is not particularly instructive.  *Zimmerlee v. Keeney*,
19 831 F.2d 183 (9th Cir. 1987).  *Zimmerlee* was a habeas action evaluating whether the inmate's due
20 process rights were violated when the inmate was disciplined as a result of information from an
21 unidentified inmate.  The court concluded his due process rights were not violated by use of confidential
22 information (*id* at 186).  The *Zimmerlee* case does not deal with the question whether confidential facts
23 or information upon which the hearing officer's written statement was predicated may be presented to
24 the court to the exclusion of what is provided the inmate plaintiff.

25       The court at this time cannot discern whether any motion for summary judgment the Defendants
26 might file would rely solely on the written statement of the decision by the fact-finder regarding the facts
27 relied upon to discipline Plaintiff or whether the Defendants also intend to submit to the court
28 confidential information, such as the report of the Inspector General which includes names of witnesses,

identity of confidential informants, or other protected evidence. (Doc. # 68 at 4.). This, the court will not know until Defendants file their motion for summary judgment.

If Defendants have relevant authority that the moving defendants may submit confidential evidence to the court upon which the written statement of discipline was predicated but not provide that documentation to the opposing party, then Defendants are invited to bring these authorities to the court's attention. (The court is willing to conduct a status conference on this question and, if desired, counsel for Defendants should contact courtroom deputy Katie Ogden, 775.686.5758, to calendar such a conference.) Defendants should consider bringing a motion seeking leave to submit confidential information in support of a dispositive motion on an *ex parte* basis if that is what they intend to do.

Defendants' request (Doc. # 68) is therefore **DENIED.**

**IT IS SO ORDERED.**

DATED: March 22, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE