UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ABRAHAM CRUZADO, | ) | 3:11-cv-00522-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | April 19, 2013 |
| | ) | |
| DARREN BAKER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

PRESENT:  THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    Katie Lynn Ogden     REPORTER:              FTR

COUNSEL FOR PLAINTIFF:  Abraham Cruzado, In Pro Per (Telephonically)

COUNSEL FOR DEFENDANTS:   Brian Hagen

**MINUTES OF PROCEEDINGS: Motion Hearing**

10:34 a.m. Court convenes.

**I.     Discussion Regarding Court Order Dkt. # 71**

The court reviews and discusses the findings in its Order (Dkt. # 71) denying defendants' Request for Enlargement of Time and Stay of Summary Judgment Proceedings and Request for Briefing Schedule (Dkt. # 68). The Defendants' motion was denied because the court had previously extended the deadline to March 15, 2013, to file dispositive motions. (Dkt. # 65 at 2; Dkt. # 71.)

The court further notes that in its prior order (Dkt. # 65) that defendants were invited to bring to the court's attention any authority that may support their argument that a defendant, when pursuing a motion for summary judgment, may submit "confidential" information to the court *in camera* in support of movant's dispositive motion but not provide that documentation to the opposing party. (Dkt. # 71 at 3.)  Defendants were also invited to contact the courtroom administrator to schedule a hearing in the event defendants wanted to discuss this matter with the court. *Id.* at 2.

The court further stated in its order that "[t]he court at this time cannot discern whether any motion for summary judgment the Defendants might file would rely solely on the written statement of the decision by the fact-finder regarding the facts relied upon to discipline Plaintiff or whether the Defendants also intend to submit to the court confidential information, such as the report of the

MINUTES OF PROCEEDINGS
3:11-cv-00522-RCJ-WGC
Date:  April 19, 2013
Page 2

Inspector General which includes names of witnesses, identity of confidential informants or other protected evidence. (Dkt. # 68 at 4.) This, the court will not know until Defendants file their motion for summary judgment." (Dkt. # 71, p. 2, line 25, through p. 3, line 1.) Although defendants were provided several options to communicate with the court their intentions as to the anticipated motion for summary judgment, no action has been taken by defendants.

Counsel for defendants expressed to the court his understanding was that the court when considering defendants' Motion for Enlargement of Time and Stay of Summary Judgment Proceedings (Dkt. # 68) was going to impose new deadlines for dispositive motions. The court explained that this position was untenable because the court's order of March 23 explicitly denied defendants' motion (Dkt. # 71). In view of defendants' failure to file a motion for summary judgment, and because the March 15 deadline to file dispositive motions has passed, defendants' request to file confidential evidence to the court without having to provide the documentation to the opposing party is **DENIED as moot.**

However, defendants may submit a motion to reopen the deadline to file motion(s) for summary judgment which shall set forth good cause why a motion for summary judgement was not timely submitted by defendants. Furthermore, defendants shall address their request to file documents *ex parte*, which shall include case authority for the court to consider when deciding to allow documents to be filed *ex parte*. Defendants shall have **up to and including Friday, April 26, 2013**, to file a motion to reopen the dispositive motions deadline and seek relief to file documents *ex parte*.

### II.     Plaintiff's Request for Clarification as to the Stay of Summary Judgment Proceedings (Dkt. # 75)

In view of the court's findings and order that defendants' Motion to Stay Proceedings and Request for Briefing is denied, plaintiff's Request for Clarification as to the Stay of Summary Judgment Proceedings (Dkt. # 75) is also **DENIED as moot**.

### III.    Plaintiff's Request for Sanctions Pursuant to Rule 11 (Dkt. # 80)

The court addresses plaintiff's Motion for Sanctions Pursuant to Rule 11 (Dkt. # 80). Plaintiff is informed that because the motion pertains to the conduct of parties who are not listed as defendants in the instant matter, the court is not able to sanction non-parties. Therefore, plaintiff's Motion for Sanctions Pursuant to Rule 11 (Dkt. # 80) is **DENIED**.

/ / /
/ / /

MINUTES OF PROCEEDINGS
3:11-cv-00522-RCJ-WGC
Date: April 19, 2013
Page 3

### IV.     Discussion regarding Plaintiff's Motion for Preliminary Injunction (Dkt. # 78)

The court turns to the issue of plaintiff's missing Motion for Summary Judgment. The court is in receipt of Mr. Cruzado's letter (Dkt. # 76), which sets forth in detail plaintiff's view of what happened to his Motion for Summary Judgment. The court is also in receipt of defendants response to plaintiff's letter (Dkt. # 81). The court reviews defendants' response, specifically the declaration of Sergeant April Witter attached to Dkt. # 81-1 at Exhibit A. The court notes several discrepancies in the declaration which appear to differ from plaintiff's description of events that took place when he claims to have submitted his Motion for Summary Judgment to Correctional Officer Thompson for mailing. The electronic version of plaintiff's submission was partially illegible. The court retrieves the original of plaintiff's "Request for a Preliminary Injunction" (Dkt. # 78), which seemingly supports plaintiff's claim he attempted to file his Motion for Summary Judgment on March 21, 2013. This document also appears to confirm Plaintiff's contention he requested that the document be processed through the mail-room, not the law library as the Witter declaration asserts.

### V.     Deadline for Plaintiff's Motion for Summary Judgment

Based on what the court has been able to ascertain from plaintiff's Motion for Preliminary Injunction (Dkt. # 78, Exhibit A) and the parties' competing representations as to the turn of events that took place when plaintiff attempted to file his Motion for Summary Judgment, the court finds Mr. Cruzado's Motion for Summary Judgment to be timely filed. However, because the document has not been technically filed on the docket, the court will grant plaintiff an extension of time to file his Motion for Summary Judgment. Plaintiff shall have **up to and including Wednesday, May 8, 2013**, to file his Motion for Summary Judgment. The obligation to file any Joint Pretrial Order is hereby vacated by reason of the extension of time provided to plaintiff to file his Motion for Summary Judgment. Defendants shall provide plaintiff a copy of his resubmitted Motion for Summary Judgment (with exhibits) at no cost to him.

In view of the extension of time that the court has allowed for Mr. Cruzado to file his Motion for Summary Judgment, the court inquires whether plaintiff's Motion for Preliminary Injunction is resolved and, therefore, moot. Mr. Cruzado has no objection to withdrawing his Motion for Preliminary Injunction. Therefore, plaintiff's Motion for Preliminary Injunction (Dkt. # 78) is **WITHDRAWN**.

### VI.     Further Directive from the Court

The court directs that Sergeant Witter file a supplemental declaration to clarify and explain the apparent contradictions noted in today's hearing regarding the declaration attached to defendants' response to plaintiff's letter (Dkt. # 81-1, Exhibit A). The court also requests that the alleged kite that Mr. Cruzado filled out to the law-library be produced as well. Furthermore, the court requests that

MINUTES OF PROCEEDINGS
3:11-cv-00522-RCJ-WGC
Date:  April 19, 2013
Page 4

Sergeant Witter contact the three NDOC correctional officers known as Officer Thompson and attempt to identify the Officer Thompson who would have knowledge about the details of Mr. Cruzado's attempt to mail his Motion for Summary Judgment.  Sergeant Witter's supplemental declaration shall be filed no later than **Friday, April 26, 2013**.

11:41 a.m. Court adjourns.

**IT IS SO ORDERED.**

                                              LANCE S. WILSON, CLERK


                                      By:            /s/
                                              Katie Lynn Ogden, Deputy Clerk