UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ABRAHAM CRUZADO, | ) | 3:11-cv-00522-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | June 6, 2013 |
| | ) | |
| DARREN BAKER, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>  Katie Lynn Ogden  </u>    REPORTER:  <u>            FTR            </u>

COUNSEL FOR PLAINTIFF:  <u> Abraham Cruzado, In Pro Per (Telephonically)  </u>

COUNSEL FOR DEFENDANTS:  <u>  Brian Hagen                            </u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

9:33 a.m. Court convenes.

**I.      Defendants' Notice of Settlement (Dkt. #109) and Defendants' Motion for Enlargement of Time (Dkt. #110)**

The Court received Defendants' "Notice of Settlement" (Dkt. #109) and, thereafter, Defendants' "Motion for Enlargement of Time and/or Stay re Dkt. #97 Motion for Summary Judgment" (Dkt. #110). It appears that Plaintiff may have decided not to sign any settlement documents and requests Mr. Hagen to address the matter.

Mr. Hagen represents that Mr. Cruzado and he had reached an agreement to resolve this case and had finalized the agreement on Sunday, June 2, 2013, via telephonic conference. Mr. Hagen explains that he had informed Mr. Curzado that the agreement reached between he and the Defendants would dispose of this case in its entirety and that Mr. Cruzado had verbally indicated he understood and agreed. On Monday, June 3, 2013, after providing Plaintiff with settlement documents, Mr. Hagen was informed that Mr. Cruzado refused to sign the documents. Therefore, Mr. Hagen states he filed the Motion for Enlargement of Time and/or Stay re Dkt. #97 Motion for Summary Judgment (Dkt. #110) out of an abundance of caution because he intends to file a Motion to Enforce the Settlement Agreement.

MINUTES OF PROCEEDINGS
3:11-cv-00522-RCJ-WGC
Date: June 6, 2013
Page 2

    Mr. Cruzado explains that, during the short interim of time, from when he had agreed to settle this matter, to the time he had received and reviewed the settlement documents, a case worker had made comments that concerned Mr. Cruzado and made him question the validity of the settlement terms Defendants had agreed upon; therefore, he refused to sign the documents.
Mr. Cruzado indicates that Mr. Hagen and he were scheduled to have a telephonic conference on Wednesday, June 5, 2013, to discuss Mr. Cruzado's concerns about the settlement agreement; however, the telephonic conference was canceled the morning of June 5th by Mr. Hagen.

    Mr. Cruzado also advises the court that during a classification hearing on Tuesday, June 4, 2013, he was informed that there appears to be several "convictions" rising out of this instant incident dating back to October, November and December 2010.  Mr. Curzado informs the Court that he has never received "write-ups" or disciplinary hearings for these alleged convictions, which has also added to his reluctance to follow through with settling this matter in its entirety.

    Mr. Hagen represents he does not have any information regarding what was stated to Mr. Cruzado during his Classification Hearing.

    The court expresses its concern that the parties have not had a meeting of the minds to discuss any questions or concerns raised by Plaintiff regarding the terms of the settlement agreement. It appears there is confusion between Mr. Cruzado, his case worker, and what appears to be contradictory information given by prison administration to Mr. Cruzado and Mr. Hagen.  In light of this, the Court will allow additional time for the parties to meet and attempt to resolve any questions or concerns each party may have with respect to the terms of this proposed settlement agreement (Dkt. #109).

    Therefore, Defendants' Motion for Enlargement of Time and/or Stay Regarding Dkt. #97 Motion for Summary Judgment (Dkt. #110) is **GRANTED**.  Should a settlement not be consummated by the next scheduled status conference, set for **Thursday, June 27, 2013, at 10:30 a.m.**, the court will address and set a date for Defendants to respond to Plaintiff's Motion for Summary Judgment (Dkt. #97) at that status conference.  Therefore, any briefing as to Plaintiff's Motion for Summary Judgment is STAYED pending the next status conference.

    The Court notes that this matter is also stayed with respect to Plaintiff's Motion to Modify and/or Amend Requested Relief in Plaintiff's Civil Rights Complaint - 42 USC 1983 (Dkt. #106). Defendants are not required to respond to this motion until the Court and parties resume discussions regarding the posture of this case during the June 27th status conference.

## II.  Plaintiff's Motion for Telephonic Status Conference (Dkt. #107)

    The Court notes that Plaintiff has filed documents related to his Motion for Summary

MINUTES OF PROCEEDINGS
3:11-cv-00522-RCJ-WGC
Date: June 6, 2013
Page 3

Judgment (Dkt. ## 100, 101, and 107). The court advises Mr. Cruzado that it has received his Motion for Summary Judgment and Exhibits 1-61 (Dkt. #97), which appears to be the subject matter of Plaintiff's filings. In light of this information provided to Mr. Cruzado, his Motion for Telephonic Status Conference is therefore disposed of.

The Courtroom Administrator is directed to send Plaintiff a current copy of the docket sheet.

**III.**     **Plaintiff's Motion for Reimbursement of Copy Costs**

Mr. Hagen advises the Court that he has not responded to Plaintiff's Motion for Reimbursement as of today; however, Mr. Hagen indicates he does not anticipate to object to Plaintiff's request for the reimbursement of copy work costs in the amount of $29.60.

In view of Mr. Hagen's representation, and to dispose of this matter prior to having Defendants' respond to the motion, Plaintiff's Motion for Reimbursement of Copy Costs (Dkt. #108), in the amount of $29.60, is **GRANTED**. Mr. Hagen is directed to assure the funds are deposited into Mr. Cruzado's inmate bank account.
9:59 a.m. Court adjourns.

IT IS SO ORDERED.

LANCE S. WILSON, CLERK

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk